UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ELIOT I. BERNSTEIN, et al.,

                **Plaintiffs,**

- against -

APPELLATE DIVISION FIRST
DEPARTMENT DISCIPLINARY
COMMITTEE, et al.,

                **Defendants.**
------------------------------------------------------------ X

<u>ORDER</u>

07 Civ. 11196 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/08

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       By letter to the Court dated March 5, 2008, plaintiffs request that the Court investigate whether the Attorney General for the State of New York suffers from conflicts of interest that prevent him from representing certain defendants (the "State Defendants") in this matter.  Plaintiffs suggest that the Attorney General is conflicted because they requested that he investigate the allegations underlying this action and because they believe he will be called upon to investigate related allegations as they are exposed.  I have considered plaintiffs' request and have determined that the Attorney General does not face an improper conflict of interest in representing the State Defendants.  If, however, the Attorney General concludes that an investigation of defendants is warranted, then

1

independent counsel would be required.

Plaintiffs also argue that it is inappropriate for the Attorney General to represent the Hon. Judith S. Kaye on the ground that Judge Kaye was appointed to the bench by the father of the current Attorney General.  While the Chief Judge was appointed many years ago by the Attorney General's father, this does not create either a conflict of interest or an appearance of impropriety in permitting the current Attorney General to represent the Chief Judge in this lawsuit.

Plaintiffs request that the Court direct the two law firm defendants to retain independent counsel on the ground that conflicts of interest prevent their attorneys from representing the firms.  Plaintiffs have shown no ground for disqualifying attorneys at the defendant law firms from representing the firms.

Plaintiffs request that the Court find that defendant Raymond A. Joao's counsel, alleged to be John W. Fried, is conflicted because Fried will be required to testify and may be added as a defendant.   Plaintiffs' request is denied at this time.  If at a later point in the proceedings it appears that Fried is not able to represent his client fairly, the Court will address the conflict at that time.

Plaintiffs request that the Court order the United States Small Business Administration to retain counsel and enter the lawsuit on the side of plaintiffs.  The Court lacks the power to require the United States to join the

lawsuit.

Plaintiffs also request that the Court reconsider its earlier denial of plaintiffs' request for pro bono counsel. A motion for reconsideration is appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."[1] Plaintiffs have presented no such decisions or factual matters. The request is therefore denied.

By letter to the Court dated February 29, 2008, the State Defendants indicated their desire to resolve certain issues relating to service of the Summons and Complaint and requested an extension of time to return waivers of personal service.[2] Defendants' time to return waivers of personal service is hereby

---

[1] *Range Road Music v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (quotation marks and citation omitted). *See also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

[2] Certain other defendants joined in these requests. *See* 3/4/08 Letter from Joanna Smith, Esq., Attorney for Defendants Krane, Rubenstein, the Estate of Stephen Kaye, and Proskauer Rose, LLP, to the Court.

extended until March 21, 2008.[3]  This letter also requested an extension of time to move or answer.  Defendants shall move or answer no later than May 30, 2008.  The parties need not exchange letters prior to filing motions.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           March 7, 2008

---

[3]     Plaintiffs have also requested that the Court order the provision of definitive proof of service.  Because defendants have indicated that they will waive personal service, this request is moot.

## - Appearances -

**Plaintiffs (pro se):**

Eliot I. Bernstein
39 Little Avenue
Red Bluff, California 96080
(530) 529-4410

P. Stephen Lamont
35 Locust Avenue
Rye, New York 10580
(914) 217-0038

**For the State Defendants:**

Monica Connell
Assistant Attorney General for the State of New York
120 Broadway
New York, New York 10271
(212) 416-8610

**For Defendants Krane, Rubenstein, the Estate of Stephen Kaye, and Proskauer Rose, LLP:**

Joanna Smith, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, New York 10036
(212) 969-3437