UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELIOT I. BERNSTEIN, *et al.*,

        Plaintiffs,

- against -

STATE OF NEW YORK, *et al.*,

        Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/08

ORDER

07 Civ. 11196 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

      By Opinion and Order dated August 8, 2008, this Court granted certain defendants' motions to dismiss and dismissed all other defendants sua sponte. Plaintiffs now move for reconsideration of that Opinion and Order.

      "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[1] Plaintiffs raise a

---

[1] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (quotation omitted)).

number of grounds for reconsideration.

*First*, plaintiffs argue that "there are instances of evidence never heard or tested by this Court . . . ."[2] However, as discussed in the Opinion, for purposes of a motion to dismiss evidence is irrelevant because all factual allegations are accepted as true.

*Second*, plaintiffs assert that the Court wrongfully relied on the *Rooker-Feldman* doctrine. The Opinion observed that "Were plaintiffs' claims not otherwise dismissed, exercise of jurisdiction over certain of those claims would likely violate the *Rooker-Feldman* doctrine."[3] The claims in question related to plaintiffs' dissatisfaction with the rulings of the courts of the State of Florida. While I adhere to my view that the *Rooker-Feldman* doctrine would bar these claims, it was not the basis for the dismissal.

*Third*, plaintiffs argue that the Court's analysis of defendants' immunity was erroneous because it failed to recognize the exception to sovereign immunity first discussed in *Ex Parte Young*.[4] Plaintiffs are mistaken. The

---

[2]   Plaintiffs' Motion for Reconsideration and Modification of the Court's August 8, 2008 Opinion and Order at 2.

[3]   Opinion and Order, at 42.

[4]   209 U.S. 123 (1908).

Opinion acknowledged that exception and found that plaintiffs could not state a claim for injunctive relief pursuant to section 1983 of Title 42 of the United States Code.[5]

*Fourth*, plaintiffs contend that the Court wrongfully found that the Copyright and Patent Clause does not create a private right of action. Plaintiffs note that federal courts adjudicate patent disputes every day. While that is true, those claims adjudicate disputes arising from various intellectual property rights – not claims alleging constitutional violations.

*Finally*, plaintiffs argue that dismissal would lead to a manifest injustice. They essentially assert that they have no other avenue in which to pursue their claims. However, as explained in the Opinion and Order, regardless of the availability or unavailability of other avenues of redress, this Court cannot hear plaintiffs' claims. They are barred by statutes of limitations, by immunity, and by the lack of an available cause of action.

The federal courts are simply not the appropriate forum for plaintiffs to seek redress of these grievances. Plaintiffs have not identified any material facts or law overlooked by the Court. Reconsideration is therefore denied.

---

[5] *See* Opinion and Order, at 41.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           August 19, 2008

- Appearances -

**Plaintiffs (pro se):**

Eliot I. Bernstein
39 Little Avenue
Red Bluff, California 96080
(530) 529-4410

P. Stephen Lamont
35 Locust Avenue
Rye, New York 10580
(914) 217-0038

**For Defendant the State of New York:**

Monica Connell
Assistant Attorney General for the State
    of New York
120 Broadway
New York, New York 10271
(212) 416-8610

**For Defendant Raymond A. Joao:**

John Walter Fried, Esq.
Fried and Epstein
1350 Broadway, Suite 1400
New York, New York 10018
(212) 268-7111

**For Defendants Boggs, Marvin, Hoffman, Turner, and the Florida Bar:**

Glenn T. Burhans, Jr., Esq.
Greenberg Traurig, LLP
101 East College Ave.
Tallahassee, Florida 32301
(850) 521-8570

**For Defendants Meltzer Lippe Goldstein & Breitstone LLP and Meltzer:**

Richard M. Howard, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

**For Defendants Krane, Rubenstein, the Estate of Stephen Kaye, and Proskauer Rose, LLP:**

Joanna Smith, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, New York 10036
(212) 969-3437

**For Defendants Foley Lardner LLP, Grebe, Dick, Boehm, and Becker:**

Kent Kari Anker, Esq.
Lili Zandpour, Esq.
Friedman, Kaplan, Seiler and Adelman
1633 Broadway
New York, New York 10019
(212) 833-1244

**For Defendants Hoffman, Turner, Boggs, and Marvin:**

Glenn Thomas Burhans, Jr., Esq.
Greenberg Traurig
101 East College Avenue
Tallahassee, Florida 10022
(850) 521-8570

**For Defendant the Virginia State Bar:**

Stephen M. Hall
Assistant Attorney General for the State of Virginia
900 E. Main Street
Richmond, Virginia 23219
(804) 786-2071