UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ELIOT I. BERNSTEIN, et al.,

          Plaintiffs,

- against -

APPELLATE DIVISION FIRST
DEPARTMENT DISCIPLINARY
COMMITTEE, et al.,

          Defendants.

------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

07 Civ. 11196 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

      Pro se plaintiff P. Stephen Lamont has moved to re-open the above captioned case pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), based upon alleged exceptional circumstances.[1] Lamont is co-plaintiff with Eliot Bernstein, who has not moved for such relief. Lamont brought this action under 42 U.S.C. § 1983 ("section 1983"), and the Racketeering Influenced Corrupt Organization Act ("RICO"),[2] alleging that Defendants conspired to deprive him of groundbreaking video technologies of his invention. Lamont alleges that the

---

[1] *See* Plaintiff's Motion to Re-Open Docket No: 07-CIV-11196 (SAS) (the "Motion to Re-Open") (Doc. # 117).

[2] 18 U.S.C. § 1961 *et seq.*

conspiracy includes, *inter alia,* members of the judiciary, state government employees, various attorneys, and law firms.

On August 8, 2008, this Court dismissed this case on several grounds – including: plaintiffs lacked standing to pursue their claims against the State Defendants;[3] claims against members of the judiciary were barred by absolute and quasi judicial immunity, sovereign immunity and qualified immunity; several claims, including the RICO claims, were time-barred; the Complaint violated Federal Rule of Civil Procedure 8(a); and certain claims were barred by the *Rooker-Feldman* doctrine.[4] Plaintiffs then filed a motion for reconsideration, which this Court denied.[5] Plaintiffs then filed an appeal, which on February 5, 2010 the Second Circuit dismissed.[6]

Lamont now seeks to re-open his case pursuant to Rule 60(b)(6) based on exceptional circumstances. For the following reasons, his motion is

---

[3] The State Defendants include the attorney disciplinary committees of the First and Second Judicial Departments, various current and former officials of the Appellate Divisions and their disciplinary committees, the Lawyers Fund for Client Protection, and many other officers and agencies of New York State.

[4] *See Bernstein v. New York,* 591 F. Supp. 2d 448 (S.D.N.Y. 2008).

[5] *See* Order dated August 19, 2008 in 07 Civ. 11196 (Doc. # 108).

[6] *See* Mandate dated January 27, 2010 (Doc. # 115) (dismissing appeal because it lacked any basis in law or fact and was therefore frivolous).

denied.

## II. LEGAL STANDARD

"Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts."[7] Rule 60(b) does not provide a party with the opportunity to relitigate the merits of a case in an attempt to win a point already "carefully analyzed and justifiably disposed."[8] Accordingly, motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit.[9]

---

[7] *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (quotation marks, ellipses, and citation omitted). *Accord Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words, it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened.") (quotation marks and citations omitted).

[8] *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (stating that a court should not "reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources.") (quotation marks and citation omitted).

[9] *See Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, No. 08-5878-cv, 2010 WL 2759416, at *1 (2d Cir. July 14, 2010 ) ("We have cautioned, however, that Rule 60(b) motions are disfavored . . . .") (citing *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)); *Simone v. Prudential Ins. Co. of America*, No. 05-3202-CV, 2006 WL 166490, at *1 (2d Cir. Jan. 24, 2006);

Rule 60(b) provides that a district court may relieve a party from a final judgment or order in five enumerated circumstances and, according to a sixth subparagraph, for "any other reason that justifies relief."[10] If any other subparagraph of Rule 60(b) is applicable, Rule 60(b)(6) will not apply.[11] The Second Circuit has held that "[m]otions under rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."[12] The Second Circuit has set forth a three-prong test in order for a Rule 60(b) motion to succeed: (1) there must be "highly convincing" evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party.[13] Finally, "pro se litigants are not . . . excused from the requirement that they

---

*United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

[10] Fed. R. Civ. P. 60(b)(1) - (6).

[11] *See Nemaizer*, 793 F.2d at 63.

[12] *Mendell in behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer*, 793 F.2d at 61). *Accord Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994).

[13] *See Kotlicky v. United States Fid. Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

produce 'highly convincing' evidence to support a Rule 60(b) motion."[14] "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel."[15]

## III. DISCUSSION

Lamont has filed a Motion to Re-Open pursuant to Rule 60(b)(6) based on the ground of exceptional circumstances. The alleged exceptional circumstance is that Lamont filed additional attorney grievances with the New York State Supreme Court, Appellate Division, First Department in 2009, which were subsequently dismissed by the Departmental Disciplinary Committee and the Appellate Division, First Department.[16] The panel that dismissed the grievances included Justices Richard T. Andrias and David B. Saxe, who were respondents in the Second Circuit appeal and were also defendants in this case.[17] Lamont alleges that this presents a conflict of interest.

When dismissing plaintiff's claims in 2008, this Court specifically held that, "there is no clearly established right to have complaints investigated or

---

[14] *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).

[15] *Broadway v. City of New York*, No. 96 Civ. 2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

[16] *See* Motion to Re-Open at 4-5.

[17] *See id.*

pursued," and "no cognizable interest in attorney disciplinary procedures or in having certain claims investigated."[18] Nothing presented in Lamont's present motion changes this fundamental conclusion. Although the dismissals of his most recent grievances may seem "incomprehensible" to Lamont, that does not change this Court's conclusion that he has no standing to challenge the state court system's actions regarding attorney discipline.[19] Additionally, Lamont's claims remain barred by absolute judicial, quasi-judicial, and qualified immunity.[20] In sum, the Motion to Re-Open fails to present the "extraordinary circumstances" needed for relief under Rule 60(b)(6).

## IV. CONCLUSION

For the reasons stated above, Lamont's Motion to Re-Open is denied. The Clerk of the Court is directed to close the Motion to Re-Open (Document # 117).

---

[18] *Bernstein*, 591 F. Supp. 2d at 466-468.

[19] *See, e.g., Morrow v. Cahill*, 278 A.D.2d 123, 123 (1st Dep't 2000) (holding that a complainant lacked standing to compel a disciplinary committee's investigation of his former counsel as he suffered "no direct and harmful effect" from the committee's decision not to institute proceedings).

[20] *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
December 15, 2010

## - Appearances -

**Plaintiffs (Pro Se):**

P. Stephen Lamont
35 Locust Avenue
Rye, NY 10580

Eliot L. Bernstein
39 Little Avenue
Red Bluff, CA 96080

**For State Defendants:**

Monica Anne Connell
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8965

**For City Defendants:**

Craig Andrew Hanlon
Philip Sebastian Frank
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
(212) 788-1580/0893

**For Proskauer Defendants:**

Joanna Frances Sandolo, Esq.
Proskauer Rose LLP (New York)
1585 Broadway
New York, NY 10036
(212) 969-3437

**For Defendant Lewis S. Meltzer:**

Richard M. Howard, Esq.
Meltzer, Lippe, Goldstein &
Breitstone LLP
190 Willis Avenue
Mineola, NY 11501
(516) 747-0300

**For Defendant Raymond A. Joao:**

John Walter Fried, Esq.
Fried and Epstein
350 Fifth Avenue, Suite 7612
New York, NY 10118
(212) 268-7111

**For Foley Lardner Defendants:**

Kent Kari Anker, Esq.
Lili Zandpour, Esq.
Friedman Kaplan Seiler & Adelman
1633 Broadway
New York, NY 10019
(212) 833-1244

| **For Florida Defendants:** | **For Virginia Defendants:** |
|---|---|
| Glenn Thomas Burhans, Jr., Esq.<br>Greenberg Traurig<br>101 East College Avenue<br>Tallahassee, FL 10022<br>(850) 521-8570 | Stephen M. Hall<br>Assistant Attorney General<br>Office of Attorney General<br>900 E. Main Street<br>Richmond, VA 23219<br>(804) 786-2071 |