Gregg M. Mashberg
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036-8299
Tel. (212) 969-3000
Fax (212) 969-2900

*Attorneys pro se and Attorneys for Kenneth Rubenstein,
Christopher C. Wheeler, Steven C. Krane (deceased),
and the Estate of Stephen R. Kaye*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| ELIOT I. BERNSTEIN, et al., | : | |
| | : | |
| Plaintiffs, | : | 07 Civ. 11196 (SAS) |
| | : | |
| - against - | : | **PROSKAUER** |
| | : | **DEFENDANTS'** |
| APPELLATE DIVISION, FIRST DEPARTMENT | : | **MOTION FOR** |
| DEPARTMENTAL DISCIPLINARY COMMITTEE, et al., | : | **SANCTIONS** |
| | : | **PURSUANT TO FED.** |
| Defendants. | : | **R. CIV. P. 11** |
| | : | |

-----------------------------------------------------------------------x

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................... 1

FACTS ........................................................................................................................... 2

ARGUMENT .................................................................................................................. 5

BERNSTEIN SHOULD BE SANCTIONED BECAUSE HIS MOTION IS FRIVOLOUS
AND LACKS ANY GOOD FAITH BASIS IN LAW OR FACT ................................... 5

    A.   General Principles .................................................................................... 5

    B.   Bernstein Should Be Enjoined from Any Further Filings Arising from the Same
Claims ........................................................................................................................ 6

    C.   Monetary Sanctions Should Be Imposed on Bernstein ........................................... 9

CONCLUSION ............................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Anderson v. New York*,
   614 F. Supp. 2d 404 (S.D.N.Y. 2009), *aff'd sub nom. Anderson v. Cahill*, 417 Fed.
   Appx. 92 (2d Cir. 2011)........................................................................................3

*Bernstein v. Appellate Div. First Dep't Disciplinary Comm.*,
   No. 07 Civ. 11196 (SAS), 2010 U.S. Dist. LEXIS 132830 (S.D.N.Y. Dec. 15, 2010),
   *appeal dismissed*, No. 10-5303-cv, slip op. (2d Cir. May 5, 2011).................................3, 4,  8

*Bernstein v. New York*,
   591 F. Supp. 2d 448 (S.D.N.Y. 2008).........................................................1, 3, 7, 8

*Binghamton Masonic Temple, Inc. v. Bares*,
   168 F.R.D. 121 (N.D.N.Y. 1996) .......................................................................5

*Bridgewater Operating Corp. v. Feldstein*,
   346 F.3d 27 (2d Cir. 2003)..................................................................................7

*Ex'r of N.Y. Estate of Kates v. Pressley & Pressley, P.A.*,
   No. 11-CV-3221 (JFB)(ARL), 2013 U.S. Dist. LEXIS 16873 (E.D.N.Y. Feb. 7, 2013)......5, 7

*Jones v. City of Buffalo*,
   96-CV-0739E(F), 1998 U.S. Dist. LEXIS 6070 (W.D.N.Y. Apr. 22, 1998)...........................9

*Lamont v. Proskauer Rose, LLP*,
   881 F. Supp. 2d 105 (D.D.C. 2012) .....................................................................4

*Lipin v. Hunt*,
   573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) ...........................................................5

*Malley v. N.Y. City Bd. of Educ.*,
   112 F.3d 69 (2d Cir. 1997)..................................................................................8

*McKoy v. Potter*,
   08 Civ 9428 (PKC), 2009 U.S. Dist. LEXIS 39623 (S.D.N.Y. Apr. 20, 2009) ..................6, 8

*Positano v. New York*,
   12-CV-2288 (ADS) (AKT), 2013 U.S. Dist. LEXIS 32488 (E.D.N.Y. Mar. 7, 2013) ...........6

*Safir v. U.S. Lines Inc.*,
   792 F.2d 19 (2d Cir. 1986)..................................................................................6, 8

*Satterfield v. Pfizer, Inc.*,
04-CV-3782 (KMW)(GWG), 98-CV-8040 (KMG)(GMG), 2005 U.S. Dist. LEXIS
14923 (S.D.N.Y. July 13, 2005), *aff'd*, 208 Fed. App'x. 59 (2d Cir. 2006)..........................7, 8

*Schwartz v. Nordstrom, Inc.*,
94 Civ. 1005 (CSH), 1994 U.S. Dist. LEXIS 15203 (S.D.N.Y. Oct. 24, 1994)....................5, 9

**STATUTES AND RULES**

28 U.S.C. § 1651...................................................................................................................6

Fed. R. Civ. P. 11.......................................................................................................1, 3, 5, 6, 10

Fed. R. Civ. P. 59...............................................................................................................5, 7

Fed. R. Civ. P. 60...................................................................................................................3

Defendants Proskauer Rose LLP, Kenneth Rubenstein, Christopher C. Wheeler, the late Stephen C. Krane, and the Estate of Stephen R. Kaye (collectively, the "Proskauer Defendants") submit this memorandum of law in support of their Motion for Sanctions against *pro se* Plaintiff Eliot I. Bernstein ("Bernstein") pursuant to Rule 11 of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Bernstein has ignored this Court's explicit warning that if he makes any additional frivolous filings he may be subject to sanctions, either on motion of the parties or *sua sponte* by the Court.[2] Bernstein's current motion to reopen is clearly vexatious and frivolous and the Proskauer Defendants respectfully urge the Court to impose sanctions.

This Court dismissed Bernstein's underlying case on August 8, 2008.[3] The Second Circuit dismissed his appeal *sua sponte* because it lacked "an arguable basis in law or fact."[4] Last July, Bernstein filed a frivolous and vexatious motion to reopen.[5] The Court denied that motion out-of-hand and, in so doing, gave him the sanctions warning.[6]

---

[1] Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, the Proskauer Defendants will refrain from filing their motion for sanctions and this supporting memorandum with the Court if Bernstein withdraws his Second Motion to Reopen within twenty-one days of having been served with the motion and supporting memorandum.

[2] Dkt. No. 141.

[3] *Bernstein v. New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008) (Dkt. No. 107).

[4] Dkt. No. 115.

[5] Dkt. No. 138.

[6] Dkt. No. 141.

Undeterred, Bernstein filed his second motion to reopen on February 28, 2013.[7]  As set forth in the Proskauer Defendants' opposition to Bernstein's motion,[8] Bernstein has not remotely offered a legitimate basis for seeking again to reopen this action.  Rather, his filing is untimely, is substantively baseless and, indeed is utterly frivolous.

Bernstein's flagrant disregard of this Court's warnings make clear that if there is any hope that his abuse of the judicial process will stop, sanctions are necessary.

## FACTS[9]

Bernstein (together with co-plaintiff P. Stephen Lamont ("Lamont")) commenced this *pro se* action in December 2007.  Over 1,100 paragraphs in length, the Amended Complaint asserted several federal claims arising out of (i) the alleged misappropriation of Iviewit's intellectual property and (ii) the alleged interference with various attorney disciplinary complaints that Iviewit had filed in New York and Florida against scores of attorneys, law firms and officials allegedly responsible for the misappropriation and cover up.  Plaintiffs also alleged various common-law claims.

Even before serving the Amended Complaint, Plaintiffs sought to disqualify the New York Attorney General (the "NYAG") from representing any of the State Defendants based on alleged conflicts of interest.  This Court rejected Plaintiff's request, writing that "the Attorney General does not face an improper conflict of interest in representing the State Defendants.  If, however, the Attorney General concludes that an investigation of defendants is warranted, then

_____

[7] Dkt. No. 142.

[8] Dkt. No. 143.

[9] For the sake of brevity, the Proskauer Defendants repeat only the facts necessary to the instant motion.  Familiarity with other facts related to this case is assumed.

independent counsel would be required."[10]   The Court denied Plaintiffs' request for reconsideration on March 21, 2008.[11]

On August 8, 2008, this Court dismissed all of Bernstein's federal claims on the merits, with prejudice.   Bernstein's request for leave to file a second amended complaint was denied, with the Court expressing its doubts that Plaintiffs could ever state a legally cognizable claim.[12]

The Second Circuit dismissed Bernstein's appeal *sua sponte*, holding that his appeal "lack[ed] an arguable basis in law or fact."[13]

On July 27, 2012, Bernstein filed his first motion to reopen, making much of alleged developments in another case in this Court, *Anderson v. New York*.[14]   This motion totaled some 286 pages, named nearly four thousand defendants, and lacked any coherent rationale.   This Court denied the motion on August 15, 2012, finding it to be "frivolous, vexatious, overly voluminous, and an egregious abuse of judicial resources," and warned Bernstein that "any additional frivolous filings in this case could subject [Bernstein] to sanctions under Federal Rule of Civil Procedure 11.   Monetary and/or injunctive sanctions may be imposed upon motion of the parties or by this Court *sua sponte*."[15]

---

[10] Dkt. No. 7.

[11] Dkt. No. 11.

[12] *Bernstein*, 591 F. Supp. 2d at 470 (Dkt. No. 107).

[13] Dkt. No. 115.

[14] 614 F. Supp. 2d 404 (S.D.N.Y. 2009), *aff'd sub nom. Anderson v. Cahill*, 417 Fed. Appx. 92 (2d Cir. 2011); 07-Civ. 9599 (SAS) (Dkt. No. 132).

[15] Dkt. No. 141.   Acting apart from Bernstein, his co-plaintiff, Lamont, moved this Court in 2010 to reopen the docket pursuant to Rule 60(b)(6), based on the dismissal of *Anderson*, which motion this Court denied, ruling that Lamont had no federally protected interest in the attorney disciplinary process. *Bernstein v. Appellate Div. First Dep't Disciplinary Comm.*, No. 07 Civ. 11196 (SAS), 2010 U.S. Dist. LEXIS 132830, at *7 (S.D.N.Y. Dec. 15, 2010), *appeal dismissed*,

3

Bernstein now disregards the Court's clear warning and continues to abuse the judicial process with his second motion to reopen.[16]  The current motion is predicated on alleged conversations that he had with New York State employees in 2011 – *almost two years prior to the filing of this motion*.  Bernstein alleges that an individual – who (based upon the purported transcript) clearly had no idea who Bernstein was or the nature of his claims – conceded that the State had a conflict of interest and would have to obtain independent counsel to defend against his claims.[17]

Bernstein's current motion to reopen is clearly frivolous.  As detailed in the Proskauer Defendants' Opposition to Plaintiff's Second Motion to Reopen,[18] these alleged two-year-old conversations are substantively meaningless, do not constitute grounds to reopen and, in any event, merely address claims previously considered and rejected five years ago.[19]

---

No. 10-5303-cv, slip op. (2d Cir. May 5, 2011) (Dkt. Nos. 128, 135).  Undeterred, and again acting without Bernstein's involvement, in 2011 Lamont commenced a watered-down version of this action in District Court for the District of Columbia.  Mimicking Bernstein's "conflicts" obsession, he initially moved to disqualify the NYAG.  Senior District Judge Barbara J. Rothstein denied the disqualification motion and went on to dismiss the action on grounds of *res judicata* (relying on this Court's decision in *Bernstein*).  *Lamont v. Proskauer Rose, LLP*, 881 F. Supp. 2d 105, 111-14 (D.D.C. 2012).

[16] Dkt. No. 142.

[17] *See* Affirmation of Eliot I. Bernstein (the "Bernstein Aff."), ¶¶15-17 (Dkt. No. 142).

[18] Dkt. No. 143.

[19] *See* Dkt. Nos. 7, 11.

## ARGUMENT

## BERNSTEIN SHOULD BE SANCTIONED BECAUSE HIS MOTION IS FRIVOLOUS AND LACKS ANY GOOD FAITH BASIS IN LAW OR FACT

### A. General Principles

Rule 11 is designed to "deter frivolous claims and curb abuses of the legal system, thereby speeding up and reducing the costs of litigation."[20] Filings that have a "complete lack of a factual and legal basis" have been found to "needlessly increas[e] litigation costs" and thereby harass Defendants.[21] In appropriate cases, *pro se* litigants are subject to sanctions.[22] *Pro se* litigants who show contempt for the judicial system, harass defendants and cause the court and litigants to waste resources, are not entitled to deference and may be sanctioned by the court.[23]

This Court has already concluded that Bernstein has crossed the line from acceptable conduct, although it did not impose sanctions, anticipating that he would "get the message" and refrain from further sanctionable conduct. He has not. His second motion to reopen is, as demonstrated in the Proskauer Defendants' opposition papers, frivolous in every respect. The

---

[20] *Binghamton Masonic Temple, Inc. v. Bares*, 168 F.R.D. 121, 126 (N.D.N.Y. 1996) (citation omitted).

[21] *Id.* at 128.

[22] *See, e.g., Ex'r of N.Y. Estate of Kates v. Pressley & Pressley, P.A.*, No. 11-CV-3221 (JFB)(ARL), 2013 U.S. Dist. LEXIS 16873, at *15-16, 24-25 (E.D.N.Y. Feb. 7, 2013) (enjoining *pro se* plaintiffs from further filings in the Eastern District of New York arising from or relating to the claims at issue and denying their Rule 59(e) motion where this was the Plaintiff's "fourth attempt" at litigating the same claims in the same court); *Schwartz v. Nordstrom, Inc.*, 94 Civ. 1005 (CSH), 1994 U.S. Dist. LEXIS 15203, at *8-9 (S.D.N.Y. Oct. 24, 1994) (imposing $3,000 monetary sanction on *pro se* plaintiff for commencing numerous lawsuits against Nordstrom and its attorneys where plaintiff had been previously warned he had no cognizable cause of action).

[23] *See Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) (noting that "a court's special solicitude towards *pro se* litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.") (internal quotations and citation omitted).

motion is untimely and substantively baseless.  Bernstein has had his last chance.  Sanctions are now in order.

## B. Bernstein Should Be Enjoined from Any Further Filings Arising from the Same Claims

*Pro se* or not, Bernstein is an archetypal vexatious litigant who must be enjoined from further filings.  "[T]he All Writs Act, 28 U.S.C. § 1651, gives district courts [authority] to sanction a prolific litigant who abuses the judicial process by repeatedly suing defendants on meritless grounds and enjoin him from pursuing future litigation without leave of the court."[24]

In considering injunctive relief in the context of Rule 11, the district court should consider the following factors to determine if a party like Bernstein should be enjoined:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.[25]

Bernstein's conduct meets all these factors, and this Court should end his five-year campaign of harassment.

---

[24] *McKoy v. Potter*, 08 Civ. 9428 (PKC), 2009 U.S. Dist. LEXIS 39623, at *16 (S.D.N.Y. Apr. 20, 2009) (citations and internal quotations omitted).

[25] *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *see also Positano v. New York*, 12-CV-2288 (ADS) (AKT), 2013 U.S. Dist. LEXIS 32488, at *23-25 (E.D.N.Y. Mar. 7, 2013) (imposing injunctive sanctions on *pro se* plaintiff for bringing repeated claims under civil rights statutes that he had been warned were without merit due to absolute judicial immunity and the Eleventh Amendment and applying the five factor test set forth in *Safir*).

(1)  Bernstein's litigious history demonstrates that nothing short of an injunction will deter him from pursuing his repeatedly rejected claims.  Indeed, a pattern of baseless filings warrants injunctive sanctions.[26]  Before filing the instant case, Bernstein filed numerous attorney disciplinary complaints, including against the Proskauer Defendants, which he alleged were not investigated by the states of New York or Florida.[27]  As far as the Proskauer Defendants can discern, the crux of both of Bernstein's frivolous motions to reopen have been that conflicts of interest existed that prevented investigations by the State Defendants into the alleged attorney disciplinary "cover-up."  But this issue has been litigated repeatedly since the outset of this case in 2008.  Indeed, the Court rejected his motion to disqualify the NYAG, finding there was no conflict of interest.[28]  It denied Plaintiffs' request for reconsideration of this decision,[29] and then held that "plaintiffs have no cognizable interest in attorney disciplinary procedures or in having certain claims investigated."[30]  The Second Circuit showed no patience for any of Bernstein's

---

[26] *See Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 28-30 (2d Cir. 2003) (enjoining further federal filings by plaintiff related to the property at issue where plaintiff had filed suit in New York state and federal courts and the Southern District of Florida); *Satterfield v. Pfizer, Inc.*, 04-CV-3782 (KMW)(GWG), 98-CV-8040 (KMG)(GMG), 2005 U.S. Dist. LEXIS 14923, at *5, 47-48 (S.D.N.Y.  July 13, 2005), *aff'd*, 208 Fed. App'x. 59 (2d Cir. 2006) (enjoining *pro se* plaintiff from further filings in any state or federal action arising from the same claims where plaintiff instituted two actions in the Southern District of New York, a state and federal lawsuit in Delaware, and made attorney-disciplinary complaints); *Ex'r of N.Y. Estate of Kates*, 2013 U.S. Dist. LEXIS 16873, at *15-16, 24-25 (enjoining *pro se* plaintiffs from further filings in the Eastern District of New York arising from or relating to the claims at issue and denying their Rule 59(e) motion where this was the Plaintiff's "fourth attempt" at litigating the same claims in the same court).

[27] *See Bernstein*, 591 F. Supp. 2d at 456 (Dkt. No. 107).

[28] Dkt. No. 7.

[29] Dkt. No. 11.

[30] *Bernstein*, 591 F. Supp. 2d at 468 (Dkt. No. 107).

7

claims and dismissed his appeal *sua sponte*.[31]  Bernstein then waited nearly four years to bring

his first so-called "emergency motion to reopen" in 2012, which this Court properly rejected,

while warning Bernstein he risked sanctions if he continued filing frivolous motions.  Bernstein,

characteristically, ignored the Court's warning and has now filed another baseless motion to

reopen, again seeking to litigate claims that have been repeatedly rejected.

   (2)  Nor does Bernstein have any objective, good-faith basis to believe that he will prevail

on his "conflicts" claim.[32]  This Court, in dismissing his amended complaint, wrote that Plaintiffs

had:

> burdened this Court and hundreds of defendants, many of whom are not alleged to have
> engaged in wrongdoing, with more than one thousand paragraphs of allegations, but have
> not been able to state a legally cognizable federal claim against a single defendant.  There is
> no reason to believe they will ever be able to do so.[33]

That the Second Circuit wrote that Bernstein's claims lack any "arguable basis in law or fact"

only underscores that Bernstein is on notice his claims are baseless.[34]  This includes his basic

contentions that Plaintiffs are entitled to an investigation of the attorney disciplinary process as

well as Plaintiffs' perennial claim that the NYAG is "conflicted."[35]

---

[31] Dkt. No. 115.

[32] *See McKoy*, 2009 U.S. Dist. LEXIS 39623, at *19.  *See also Safir*, 792 F.2d at 24 (imposing an injunction on a prolific *pro se* litigant who "has repeatedly asserted the same claims in slightly altered guise"); *Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (finding injunctive sanctions appropriate where plaintiff had been warned about the unmeritorious nature of his claims, but failed to heed this warning).

[33] *Bernstein*, 591 F. Supp. 2d at 470 (Dkt. No. 107).

[34] Dkt. No. 115.

[35] *Bernstein*, 591 F. Supp. 2d at 460, 469 (Dkt. No. 107); *Bernstein*, 2010 U.S. Dist. LEXIS 132830, at *7 (Dkt. No. 128).

(3)     Although not represented by counsel, Bernstein cannot disclaim responsibility for his frivolous filings.  He has been admonished by the Court and warned by opposing counsel that his abusive conduct must stop.  He "must bear full responsibility for bringing" the current frivolous motion, which follows on the heels of a frivolous motion to reopen, not to mention the underlying frivolous lawsuit[36]

(4)      This is the second frivolous motion to reopen that Bernstein has required the Court to review and the Proskauer Defendants to respond.  These burdens on the Court and the parties have unquestionably been unnecessary.

(5)      Finally, while the Court should, as discussed below, impose monetary sanctions, Bernstein's history of abusive conduct calls out for injunctive relief.  It is hard to imagine how the Court could have been clearer that Bernstein faced sanctions if he continued his abusive conduct.  Yet, he proceeded to file another frivolous motion, *knowing* that he was subjecting himself to the risk of sanctions.  While he may consider himself judgment proof, neither he nor any other litigant is immune from an injunction and the consequences if he were to violate it.

For all these reasons, any order of sanctions should include an injunction against Bernstein making any filings in this or any other court without first obtaining leave.

### C. Monetary Sanctions Should Be Imposed on Bernstein

Courts in the Second Circuit have imposed monetary sanctions on vexatious *pro se* litigants like Bernstein.[37]  For all the reasons set forth above, Bernstein's abusive filings place him

---

[36] *See Satterfield*, 2005 U.S. Dist. LEXIS 14923, at *47.

[37] *See Schwartz*, 1994 U.S. Dist. LEXIS 15203, at *8-9 (imposing $3,000 monetary sanction on *pro se* plaintiff for commencing numerous lawsuits against Nordstrom and its attorneys where plaintiff had been previously warned he had no cognizable cause of action).  *See also Jones v. City of Buffalo*, 96-CV-0739E(F), 1998 U.S. Dist. LEXIS 6070, at *18-20 (W.D.N.Y. Apr. 22, 1998) (imposing a $2,500 sanction on *pro se* litigant for repeated abusive filings that attempted to relitigate previous decisions).

directly in the cross hairs of an order of monetary sanctions in an amount of not less than $3,500.[38]

## CONCLUSION

For the foregoing reasons, the Proskauer Defendants respectfully request that the Court grant their motion for Rule 11 sanctions, including (1) an order enjoining Bernstein from filing any further motions on this docket and enjoining him from filing another action in any court related to the subject matter of this action without prior leave of the Court; and (2) an order imposing monetary sanctions in an amount of not less than $3,500.

Dated:  New York, New York
       April 5, 2013

                                 Respectfully submitted,

                                 PROSKAUER ROSE LLP

                                 By: _____

                                   Gregg M. Mashberg
                                11 Times Square
                                New York, NY 10036
                                212.969.3450 (t)
                                212.969.2900 (f)
                                gmashberg@proskauer.com

                                *Attorneys pro se and Attorneys for*
                                *Defendants Kenneth Rubenstein,*
                                *Christopher C. Wheeler, Stephen C. Krane*
                                *(deceased), and the Estate of Stephen R.*
                                *Kaye*

---

[38]   While this amount is obviously less than the cost of opposing the motion to reopen and preparing this motion, the goal of the Proskauer Defendants is to end this wasteful process as promptly and as simply as possible.  The Proskauer Defendants suggest that the Court direct that any monetary sanctions paid by Bernstein be contributed to the Lawyers' Fund for Client Protection of the State of New York, or other appropriate organization identified by the Court.